**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH STEVENSON, an individual,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>ABBOTT LABORATORIES, a California corporation; et al.,<br><br>        Defendants - Appellees. | No. 14-55749<br><br>D.C. No. 8:13-cv-00579-DOC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 8, 2016[**]
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and DORSEY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Plaintiff Elizabeth Stevenson, a sales representative for Defendant Abbott Laboratories, was injured in a car accident. Plaintiff took 10 months of medical leave. Toward the end of the leave period Defendant replaced her with another employee. Plaintiff did not take another position with Defendant, and her employment ended after a year of leave. She brought this action, claiming disability discrimination under the California Fair Employment and Housing Act ("FEHA") and alleging termination in violation of public policy. The district court granted summary judgment to Defendant. On de novo review, Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011), we affirm.

1. Defendant's leave policy is neutral and non-discriminatory. It provides job protection and full pay for up to 26 weeks, after which a still-disabled employee can apply for extended disability plan benefits for another 26 weeks. If an employee does not return to work at the end of a year of leave (of any kind), the employee's employment ends. Defendant followed that policy with respect to Plaintiff, and she does not argue to the contrary. Assuming, then, that Plaintiff made out a prima facie case of discrimination, Defendant offered a legitimate non-discriminatory reason for its actions, and the record contains insufficient evidence of pretext to create a genuine issue of material fact. See Yanowitz v. L'Oreal USA, Inc., 116 P.3d 1123, 1130 (Cal. 2005) (applying three-part framework to

FEHA discrimination claim); <u>Raytheon Co. v. Hernandez</u>, 540 U.S. 44, 53–54 (2003) (holding that a neutral employment policy meets the employer's obligation at step two). That is particularly true here, because Plaintiff had taken an earlier six-month medical leave and had been returned to work with certain accommodations.

2. Defendant engaged in a timely, good faith interactive process as required by California Government Code section 12940(n). When Plaintiff's 26 weeks of paid leave expired, Defendant wrote to Plaintiff providing contact information for a leave specialist and told her that, if at any time she felt there was anything Defendant could "do to assist with [her] return to work, please let [Defendant] know." Plaintiff understood that, if she did not return to work by a particular date (three months before her release to return to work), her job might no longer be available. Additionally, periodically throughout her leave, Plaintiff and supervisor Merdalo communicated about Plaintiff's medical progress; Defendant even helped her find a new doctor. Later, when Plaintiff's unpaid leave expired, Defendant directed Plaintiff to a job-posting board and put her in touch with the diversity manager. After she was released to return to work, Plaintiff told Defendant that she would not relocate for a position and would accept a job only if it were within

easy driving distance of her home, but Defendant was unable to offer such a position.

3. Reasonable accommodation beyond the extended leave was not required for two reasons. First, California courts do not require that medical leave be indefinite or that a job be held open indefinitely for a temporarily disabled employee. Jensen v. Wells Fargo Bank, 102 Cal. Rptr. 2d 55, 68 (Ct. App. 2000). Here, leave was indefinite because Plaintiff's doctors extended it repeatedly, and until three weeks before her return Plaintiff did nothing to dispel Defendant's belief that she would never return to work. Second, after Plaintiff was released to work, she was not disabled.

4. Preventing discrimination in the workplace is a fundamental public policy of California. City of Moorpark v. Superior Court, 959 P.2d 752, 762–63 (Cal. 1998). But because the record does not disclose discrimination, Plaintiff's claim for termination in violation of public policy also fails.

**AFFIRMED.**